NicholsoN, C. J.,
delivered the opinion of the court.
The bill is filed to enjoin the collection of a note of $4,000 executed in May, 1863, by complainant, *654 payable to th.e commissioner appointed by the County Court, for the sale of the slaves of Hugh Jones, deceased. The 'bill alleges that, the note was given for several of the slaves purchased by complainant, who was the widow of Hugh Jones; that no report of the sale was ever confirmed by the court, if any was ever made; That no title to the slaves vested in her, but that the title remained in-the distributees of Hugh Jones until they were emancipated in February, 1865, by Act of the Government.
The administrator answers and admits the several allegations, but states that the commissioner did report the sale, and that the court ordered the same to be confirmed, but that neither the order of confirmation nor the interlocutory decree of sale, is to be found in the record of the case.
The Chancellor allowed evidence to be read to show that there was in fact an interlocutory decree for the sale of the slaves, and also that the commissioner made his report, and that the same was ordered to be confirmed, although no such decree or order was entered upon the minutes of the court. The record is the only competent evidence of its existence, and its existence can be tried by itself only. 3 Bl’k Com., 24; Brown v. Wright, 4 Yer., 57. The parol proof was therefore erroneously admitted.
The case falls in all respects under the principles settled in the case of Johnson v. Johnson, 2 Heis., 521. In that case it was held that the title to slaves sold under decree of the County Court for distribution remains in the distributees until the sale is *655 confirmed, and if tlie title fails by act of the Government before confirmation the loss must fall on the distributees.
This is conclusive of the case. The decree will be reversed, and a decree giving complainant relief entered here, but she will pay the costs.